BROWN *vs.* THE STATE.

A new trial ought to be granted where one of the jury is cousin to the prosecutor, and the fact not known to the accused or his counsel till after his conviction.

Indictment for Forgery and Counterfeiting. Motion for new trial. In Chatham Superior Court. Tried before Judge Fleming, at January Term, 1859.

The facts of this case will be found sufficiently stated in the bill of exceptions, which was as follows, viz:

State of Georgia,   }   Be it remembered, that at the
Chatham County,  }   January Term, 1859, of Chatham Superior Court, his Honor William B. Fleming, one of the Judges of the Superior Courts of said State, presiding, the cause of *The State of Georgia vs. William M. Brown,*

then and there pending on the criminal side of said Court,: being a prosecution for *Forgery and Counterfeiting*, came on to be heard on the 19th day of February, 1859. The parties announced themselves ready; a jury was empannelled; and the cause went to trial under plea of the General Issue..

Witnesses were introduced by the State only, and testified on the direct and cross-examination as shown by the Record, to be sent up by the clerk of said Court.

In the direct examination of the witness, Benjamin Bragg, defendant, by his counsel, objected to his giving any testimony touching the *uttering* of the instrument alleged to have been forged, on the ground that the third count of the Indictment, that by which it was intended to charge the prisoner with the offence of *uttering a forged instrument of writing, knowing it to be such*, did not charge the defendant, William M. Brown, but William M. Davis, with *guilty knowledge*. The Court overruled the objection, and witness testified as stated in the Record. The defendant then excepted to such decision, and now assigns the same as error.

Defendant introduced no testimony.

The cause was then argued and submitted, and the jury found the prisoner guilty on the third count of the Indictment.

Afterwards, to-wit, on the 25th day of February, 1859, and during the session of said Court at the term thereof aforesaid, the defendant, by his counsel, moved the granting of a *rule nisi*, calling upon the Solicitor General, Julian Hartridge, Esqr., to show cause, *instanter*, or upon a day prior to the adjournment of the aforesaid term of Court, why the verdict of the jury, as aforesaid, should not be set aside, and a new trial granted in said cause, on the following grounds, to-wit:

1. Because the Court erred in admitting evidence going to show the defendant had uttered a forged paper, as the

Brown vs. The State.

indictment did not allege that he knew the same to be a forgery.

2. Because the juror, Allen Russell, is a cousin of the prosecutor, Henry Davis, a fact not known to the defendant or his counsel till after the verdict was rendered, and was not, therefore, an impartial juror as between the State and the accused.

3. Because the verdict was without evidence.

4. Because the verdict was contrary to law.

To sustain the second ground as above stated, counsel filed and introduced the original affidavits, copies of which were annexed to the bill of exceptions.

The Court overruled the motion for a new trial, and defendant excepted.

DANIEL & ANDERSON, for plaintiff in error.

JULIAN HARTRIDGE, Sol. Gen., *contra*.

*By the Court.*—STEPHENS, J., delivering the opinion.

The main question in this case is, whether or not a new trial ought to have been granted on account of the relationship of the juror, Russell, to the prosecutor, the fact not being known to the accused, nor to his counsel, till after conviction. There is no question whether the relationship disqualifies the juror. That is conceded, but it is said there was no *diligence* used to find out the fact at the right time. It is said that the act of 1856, page 230 of the pamp't, 1855 and 1856, provides a time when the accused may ascertain causes of disqualification, and if he fails to do so at that time, he fails in that diligence which would entitle him to a new trial. We do not think so. A single view will show to what consequences such a notion of diligence would lead. There are other disqualifying causes, the imputation of which would be very offensive, such as idiocy or lunacy, or negro blood, and

there is the very same provision for ascertaining these causes at the very same stage of the proceedings. The provision is; that *objection* may be made to a juror on any of these grounds. Now, to come up to the standard of diligence claimed by the Solicitor General in this case, the accused would in every case have to object to every juror on all these grounds, idiocy and negro blood included, for if he should afterwards find out that one of the jurors had negro blood, or was an idiot, he could, as in the case of relationship, be answered that his time had passed. That is to say, the accused, in order to be duly diligent, must of necessity give offence to every juror who is to try his life or liberty, a degree and energy of diligence which we cannot require. He must make the objection at the right time, if he knows the fact, but if he does not know the fact, nor have special reason to believe it, he is not bound to offend every man on the panel by making random imputations against him.

Judgment reversed.