THE GEORGIA RAILROAD *vs.* HART.

1. The son of a stockholder is incompetent as a juror in a case to which the corporation is a party. The ground of his disqualification is near relationship to a person having an interest in the suit. The disqualification being unknown to the adverse party and his counsel until after the trial, is cause for new trial.
2. Whether, at a given location, dwelling houses for employees are necessary buildings to a railroad company, is a question of fact, not of law. The uncertainty of a deed as to what precise part or parts of a large tract might be appropriated as sites for buildings, may be aided by actual appropriation and long enjoyment.
3. Lessor seeking to enter upon his lessee by action, must show that the term has expired, either by its own limitation, or by operation of law.

Ejectment. Jurors. Deeds. Evidence. Lease. Before Judge BARTLETT. Greene Superior Court. March Term, 1877.

On August 17, 1875, Hart brought ejectment against the Georgia Railroad for three lots of land at Union Point, adjoining its right of way. Both parties claimed under Morton—the railroad by deed made on March 28, 1838, conveying right of way the width of one hundred feet, on each side, from the center of the road-bed. This instrument contained the provision that the railroad should have the right, in fee simple, to all lands necessary for the use of the road on which to erect workshops, warehouses, or other buildings, with the requisite yard enclosures. Plaintiff claimed under chain of title from Morton, commencing with deed to Phinizy, executed on December 5, 1840. This line of title recognized the right of the railroad under its prior deed; therefore, the sole question was whether the land sued for, used as the evidence showed, was covered by such conveyance.

The defendant pleaded the general issue, possession under color of title for seven years, and prescription for twenty years.

The evidence showed that the houses on the lots sued for

were erected by the railroad at some time between the years 1844 and 1854, for the use of its employees. The lots were not a part of its right of way, but joined it. The houses had been used for the purpose indicated almost constantly since their erection. Other testimony was introduced not material here.

The jury found for the defendant. The plaintiff moved for a new trial on the following grounds, to-wit:

1. Because the court erred in charging, that unless the jury believed that the lease or contract under which the defendant claimed title, was made for a specific time, and that time had expired, plaintiff could not maintain this action.

2. Because the court erred in charging, that the deed to the railroad authorized it to take land outside of the right of way, for buildings necessary for the road; that if the jury believed that defendant took possession under said deed, and that such buildings as were put on the premises were necessary for the road, and that it was necessary to take the land for them, then they should find for the defendant.

3. Because of the newly discovered fact that one of the jury who tried the case was the son of the stockholder in defendant,

The last ground was supported by proper affidavits.

The motion was sustained and a new trial ordered, to which defendant excepted.

J. A. BILLUPS; LEONARD PHINIZY, by E. A. ANGIER, for plaintiff in error.

JOHN C. REED; W. W. LUMPKIN, by brief, for defendant.

BLECKLEY, Judge.

1. The son of a stockholder in a private corporation is an incompetent juror, where the corporation is a party. This is the true law (see 5 Bac. Abr., 353, 354), though, in South Carolina, a stockholder himself has been held competent

after verdict.   12 Rich. Law, 134, 368.   See the better view in 1 Foster, 438.   The ground of disqualification was unknown until after trial, and was consequently cause for a new trial.   28 *Ga.*, 439 ; 47 *Ib.*, 538.

2. The question of necessary buildings, at the given location, was one of fact, not of law.   The uncertainty of description in the writing was aided by the actual appropriation of the premises to the use specified, and long enjoyment after appropriation.

3. It was incumbent upon the plaintiff in ejectment, if he claimed as lessor of the defendant, to show that the term had expired, either by its own limitation, or by operation of law.   The charge of the court on the subject was substantially correct.   There was no error in granting a new trial.   Judgment affirmed.