## WATKINS v. THE STATE.

1. The verdict was supported by the evidence.

2. Ordinarily newly discovered evidence which is merely cumulative or impeaching of that introduced on the trial will not require the reversal of a judgment overruling a motion for a new trial, based in part upon that ground.

3. While near relationship of a juror to the prosecutor by blood or affinity affects his competency, and generally disqualifies him from serving, yet where the discovery of the relationship of the juror to the prosecutor was made a ground of a motion for a new trial, and the affidavit of the movant in support thereof merely showed that since the trial the defendant had learned that the juror was related to the prosecutor by affinity, having married a cousin of the latter, of which the defendant was not aware when the jury was selected, without showing the actual existence of the relationship or the source of his information; and where the affidavits in support of the motion only tended to show that one of the jurors who sat in the trial married a cousin of the prosecutrix, not stating in what degree, and without any showing that his counsel was ignorant of the fact before the trial, there was no error in overruling the motion for a new trial.

Submitted February 20,—Decided March 28, 1906.

Conviction of assault. Before Judge Fite. Catoosa superior court. December 15, 1905.

*William E. Mann,* for plaintiff in error.

*Samuel P. Maddox, solicitor-general,* contra.

LUMPKIN, J. The evidence was not very precise either as to the weapon used in the assault for which the defendant was convicted, or as to the venue; but we think there was enough to support the verdict. The prosecutrix did not distinctly state the weapon with which the shooting was done. But the defense showed that he had and was shooting a pistol that evening, though the scene of the shooting was located by the witnesses for him elsewhere than the scene of the crime, at about the time when it occurred. The jury, no doubt, believed he had a pistol "about the time" the offense was committed, but rejected the theory that he was not at the place where it transpired.

On the subject of venue the father of the prosecutrix testified, that he was coming from the store "that evening" and heard some shots fired. "It was in the direction of the house where my daughter lives. I didn't see anybody and don't know who did the shooting. It was in this county." Fairly construed, we think this means that the shooting was in the county of the trial; and other witnesses were introduced to show that the accused did it.

In *Ledford* v. *State,* 75 *Ga.* 856, it was held that a juror "was disqualified, being a third cousin, and within the ninth degree, which fact was unknown to the defendant and his counsel till after the trial." In the headnote in that case the want of knowledge on the part of counsel is not mentioned, but both in the report and in the opinion the necessity for a lack of knowledge of the counsel is coupled with that of the defendant. In *McElhannon* v. *State,* 99 *Ga.* 672 (1), it is stated that the accused and his counsel accepted as true the answers of the jurors to questions propounded to them by the court in regard to their relationship, and that they had no reason to know or suspect the contrary until after the verdict was rendered, having exercised all necessary and proper diligence to discover it. In *Brown* v. *State,* 28 *Ga.* 439, the same rule is recognized, and while it is stated generally that one of the jurors was a cousin to the prosecutor, it appears in the opinion that the disqualification was conceded, and the only question was whether diligence was used in ascertaining it. In *Rust* v. *Shackleford,* 47 *Ga.* 539, where two Judges presided, it was stated generally that the juror, being the cousin of one of the defendants, was incompetent to sit on the trial. The record discloses that he was a second cousin. The ninth degree of relationship, as that expression was used in *Ledford's* case, has been construed to mean the ninth degree as calculated by the rules of the civil law, and not of the canon law. Thompson on Trials, 53; 17 Am. & Eng. Enc. L. (2d ed.) 1124. It seems, however, that in determining the relationship of a party to a judge in this State, the rules of the canon law should be used. *Short* v. *Mathis,* 101 *Ga.* 287; *Roberts* v. *Roberts,* 115 *Ga.* 261. By the civil law the reckoning was taken from one of the persons up to the common ancestor, and then down again to the other. By the canon law the reckoning was taken from the common ancestor to that one of the two persons who was furthest removed from him. Sir Edward Coke stated that relationship in any degree was sufficient to disqualify a juror. Co. Litt. 157a. But later writers state that the relationship must be within the ninth degree, calculated according to the civil law. 3 Bl. Com. 363; 1 Chitty's Crim. L. 541; Finch's Law, 401. Such seems to be the view adopted in this State, as indicated in *Ledford's* case, supra. Whether it is necessary to show what the degree of relationship is, and whether it is sufficient to simply state that a juror married a

cousin of the prosecutrix, without showing whether it was a first, second, or third cousin, or a cousin within what degree, so as to bring it within the ninth as calculated by the civil law, need not be decided. Certainly it would be the better practice, if it be not indispensable, to specify the degree of relationship. In the affidavits supporting the motion for a new trial it was stated by one person that the prosecutrix had said that the juror married a cousin of hers; and by another affiant, that the wife of the juror was a relative of the prosecutrix; that "she was an own cousin." That the mere statement of the accused that he discovered the relationship afterwards is not sufficient in itself to prove such relationship, see *Barron* v. *State,* 74 *Ga.* 833. In view of the indefiniteness as to the relationship, and the failure to show that the defendant's counsel was ignorant of it, the showing did not require a new trial.

*Judgment affirmed. All the Justices concur.*