## 30605. EATON v. GRINDLE et al.

JORDAN, Justice.

Appellant brought suit in the Superior Court of Lumpkin County to resolve a land line dispute. After a jury trial the dispute was resolved in appellant's favor. Appellee filed a motion for new trial on the ground that a juror at the trial was disqualified as a third cousin of the appellant's wife. The motion was sustained and a new trial granted. At the second trial, a jury returned a verdict for appellee. Appellant filed an amended motion for new trial contending that unknown to him one of the jurors, Jewell Justus, was the husband of a third cousin of Alma Grindle, a named defendant. The trial court overruled the motion, ruling that Jewell Justus and Alma Grindle were related in the eighth degree, and therefore not within the prohibited degree. Appellant appeals this ruling.

The relevant Code section provides that "All trial jurors in the courts of this State shall be disqualified to act or serve, in any case or matter, when such juror is related

by consanguinity or affinity to any party interested in the result of the case or matter, within the sixth degree, as computed according to the civil law. . ." Code Ann. § 59-716. The trial court computed the degree of kinship by counting each ancestor starting with the juror, through the common ancestor and ending with the defendant. However, the civil law degree of kinship is ascertained by counting from the juror to the common ancestor to the interested party. See *Watkins v. State,* 125 Ga. 143 (53 SE 1024) (1906). Therefore, the correct method of computation is to count the "steps" or generations from one ancestor to the next counting each "step" or generation as one degree, and not to count each ancestor as a degree. If the sum is within the sixth degree, the juror is disqualified to serve in the matter.

The record shows that the juror's wife is the third cousin of the defendant, making their great-grandfather the common ancestor. This results in third cousins being related in the sixth degree, a prohibited degree under Code Ann. § 59-716. See *Smith v. State,* 62 Ga. App. 494 (8 SE2d 663) (1940). The question then becomes whether Jewell Justus is related within the sixth degree as is his wife or in the seventh degree, counting the "step" between the husband and wife as a degree, as the trial court held. The statute is applicable to jurors and interested parties related by consanguinity or affinity, i.e., by blood or by marriage. The husband is related to his wife's kindred by affinity in the same degree that she is related by consanguinity. See *Burns v. State,* 89 Ga. 527 (15 SE 748) (1892). Therefore, the juror Jewell Justus is directly related to his wife's father by way of marriage, making it a direct "step" from the wife's father to Mr. Justus without first counting the "steps" to the wife from her father and then from her to her husband.

We hold that the juror Jewell Justus is related to the defendant Alma Grindle within the prohibited sixth degree, and was disqualified to serve as juror in the matter.

We further hold that the disqualified juror's presence on the jury was not harmless. We cannot say as a matter of law that the evidence here demands a verdict for appellees since two successive jury trials in the matter have

resulted in opposite verdicts.
*Judgment reversed. All the Justices concur.*

Submitted December 18, 1975 — Decided February 11, 1976 —
Rehearing denied February 24, 1976.

*Martin W. Welch,* for appellant.
*Greer, Sartain & Carey, Jack M. Carey,* for appellees.