### 74778. LAWSON v. THE STATE.
(361 SE2d 210)

CARLEY, Judge.

Appellant was indicted for selling cocaine in violation of the Georgia Controlled Substances Act. The jury returned a guilty verdict and appellant appeals from the judgment of conviction and sentence entered thereon. All enumerations of error relate to the sufficiency of the evidence to authorize his conviction as against his entrapment defense.

"In Georgia, the entrapment defense consists of three distinct elements: (1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. OCGA § 16-3-25. . . . [Cits.]" *Keaton v. State*, 253 Ga. 70, 71-72 (316 SE2d 452) (1984).

An agent of the Georgia Bureau of Investigation testified that, while accompanied by a confidential informant, he had purchased cocaine from appellant. Under the agent's testimony, he had merely afforded appellant the opportunity to commit the offense and appellant had readily availed himself of that opportunity. Appellant testified in his own defense. Appellant's version of the events differed from the agent's and, as to his predisposition to commit the crime, was exculpatory. Because the confidential informant was never called as a witness for the State to rebut appellant's testimony, he "claims that the evidence demanded a finding of entrapment. Contrary to that contention, however, the appellant's testimony concerning his lack of predisposition hardly went uncontradicted. . . . The appellant's testimony certainly raised the defense of entrapment, but it did not demand a finding of such. [Cits.] . . . In this case, the issue of whether the [S]tate impermissibly encouraged the appellant to evil was properly submitted to the jury, and the evidence authorized a rational trier of fact to find beyond a reasonable doubt that the appellant had not been entrapped." *Pierce v. State*, 180 Ga. App. 847, 848-49 (2) (350 SE2d 781) (1986). See also *Wilson v. State*, 181 Ga. App. 337, 338 (2) (352 SE2d 189) (1986). After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 11, 1987.

*Johnny H. Butcher*, for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.