### 76445. BACON v. THE STATE.
#### (374 SE2d 351)

BENHAM, Judge.

Appellant was convicted of two counts of sale of marijuana. On appeal, he contests the sufficiency of the evidence and complains of error in sentencing.

1. Appellant admitted at trial that he sold the marijuana to an undercover agent, but pleaded entrapment. On appeal, he contends that the evidence was insufficient because the State did not rebut his evidence establishing entrapment.

The State's evidence was that an undercover agent went to appellant's home, accompanied by a confidential informant who knew appellant, and asked appellant whether he had any cocaine or marijuana to sell. The agent testified that appellant said he had no cocaine, but that he had "some twenty-cent pieces" of marijuana, and that appellant sold him a bag of marijuana for $20. The same agent testified that he returned to appellant's home on another occasion and repeated the conversation with appellant, buying 2 bags that time for $40. The agent denied that he heard the confidential informant plead with appellant or prevail upon their long friendship.

Appellant testified that on both occasions he told the agent and the informant that he was not selling, but that the informant begged him, in regard for their long friendship, to sell some, so he did.

" 'In Georgia, the entrapment defense consists of three distinct elements: (1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. [Cits.]'

"An agent of the Georgia Bureau of Investigation testified that, while accompanied by a confidential informant, he had purchased [marijuana] from appellant. Under the agent's testimony, he had merely afforded appellant the opportunity to commit the offense and appellant had readily availed himself of that opportunity. Appellant testified in his own defense. Appellant's version of the events differed from the agent's and, as to his predisposition to commit the crime, was exculpatory. Because the confidential informant was never called as a witness for the State to rebut appellant's testimony, he 'claims that the evidence demanded a finding of entrapment. Contrary to that contention, however, the appellant's testimony concerning his lack of predisposition hardly went uncontradicted. . . . The appel-

lant's testimony certainly raised the defense of entrapment, but it did not demand a finding of such. In this case, the issue of whether the State impermissibly encouraged the appellant to evil was properly submitted to the jury, and the evidence authorized a rational trier of fact to find beyond a reasonable doubt that the appellant had not been entrapped.' [Cits.] After a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Lawson v. State*, 184 Ga. App. 204 (361 SE2d 210) (1987).

2. The first complaint appellant asserts with regard to sentencing is that the notice of intent to introduce a prior conviction in aggravation was not timely served. The record and the transcript of the sentencing hearing demonstrate that the notice was filed and served on defense counsel on the day of trial prior to the commencement of the trial. The State relies on *Hill v. State*, 250 Ga. 277 (6) (295 SE2d 518) (1982), where the notice was also served on the day of trial, and the Supreme Court found it timely, pointing out that OCGA § 17-10-2 (a) "states that 'only such evidence in aggravation as the state has made known to the defendant prior to his trial shall be admissible.' Here, the notice *was* provided prior to trial. [Cit.] Appellant does not contend that the conviction was not his, that he was not represented by counsel, or that the conviction was inadmissible for any other reason."

A significant difference between this case and *Hill* is that the appellant here did contend at trial that he was not represented at the previous trial by counsel. Defense counsel objected to the admission of the conviction because he had not had time to find witnesses on the issues raised and because he was not familiar with the circumstances of the prior conviction. Although, for the reasons stated below, we do not find the procedure followed in this case to be harmful error, we cannot approve of waiting until the day of trial to give notice to defense counsel that the State intends to put on evidence during the sentencing hearing of a prior conviction. "The purpose of [OCGA § 17-10-2 (a)] is to allow a defendant to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial." *Herring v. State*, 238 Ga. 288 (4) (232 SE2d 826) (1977). To permit the State, as a tactical maneuver, to erode a defendant's right to an opportunity to prepare for trial by withholding notice of its intent to submit evidence of prior convictions runs contrary to the stated purpose of the Code section. The record in this case does not show conclusively whether the notice was necessarily last-minute or not; if it was not, it was improper.

However, as mentioned above, there are valid reasons for finding that there was no reversible error in permitting the evidence to be admitted in this case. The first reason is procedural: appellant did not request a continuance, the obvious remedy for a violation of a statute the purpose of which is to give the defense an opportunity to prepare. The second reason is that the circumstance under which appellant went to trial without an attorney in 1978 was the subject of this court's review in *Bacon v. State*, 151 Ga. App. 840 (2) (262 SE2d 198) (1979): appellant and his codefendant in that case "were free on bond for six months prior to trial, had been declared non-indigent, did not pay their initial attorney who withdrew from representation for that reason, were told by the trial judge two weeks before trial to get a lawyer as they were going to be tried, and waited until two days before trial to employ a second attorney who, for medical reasons, was incapable of participating in the trial. 'If the accused has means to employ counsel and is out on bond, and has opportunity to secure counsel, and neglects or refuses to do so, the court is under no obligation or duty to appoint counsel to represent him.' [Cit.]" Under these circumstances, we agree with the trial court in this case that appellant had waived his right to counsel in the prior prosecution and that the conviction was properly considered in aggravation of appellant's sentence.

3. Finally, appellant complains that the trial court, in deciding appellant's sentence, relied on rumor which was not supported by the evidence. Our review of the record, however, shows the trial court merely observing, in the form of inferences from the evidence and common sense, that appellant was not the solid citizen he wanted the court to believe he was, but was in fact a drug dealer. There being no attribution of that observation to any source other than the trial court's reasoning, we find no support for appellant's contention of reliance on rumors.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 14, 1988.

*Richard D. Phillips*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.