A89A0764. HOWARD v. THE STATE.
(382 SE2d 159)

BENHAM, Judge.

Appellant was convicted of violating the Georgia Controlled Substances Act by selling a piece of "rock" cocaine to the captain of the Fitzgerald, Georgia, police department. Appellant maintains that the evidence presented at trial is not sufficient to support a conviction, and contends that two of the trial court's rulings were erroneous.

1. The captain of the Fitzgerald police department testified that he was driving down a Moultrie, Georgia, city street while working undercover as a drug buyer. A man he identified as appellant signaled him to pull over, whereupon the officer purchased what was later identified as a piece of "rock" cocaine. Despite appellant's protestations that he knew the undercover officer and would not have sold cocaine to him, the evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of selling cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred in refusing to excuse for cause a juror related to the prosecutor. The State argues that the error, if any, was harmless since appellant failed to exercise all his peremptory challenges. However, the Georgia Supreme Court aban-

doned the rule espoused by the State and held that a defendant's "failure to exhaust his peremptory strikes before the twelfth juror was impaneled does not render the error [the trial court's refusal to strike an unqualified juror] harmless." *Harris v. State,* 255 Ga. 464 (2) (339 SE2d 712) (1986). We therefore turn to the merits of appellant's enumeration. *Day v. State,* 188 Ga. App. 648 (4) (374 SE2d 87) (1988).

During voir dire, a member of the venire stated she was a third cousin of the man who swore out the affidavit for the warrant for appellant's arrest on this charge. The trial court ruled the relationship was not within the prohibited degree of consanguinity and refused to dismiss the juror for cause. The woman served on the jury that convicted appellant.

OCGA § 15-12-163 requires that a juror "shall be set aside for cause" if "he is so near of kin to the prosecutor, the accused, or the victim as to disqualify him by law from serving on the jury." "One who instigates prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued . . . is a prosecutor. [Cits.]" *Ethridge v. State,* 164 Ga. 53 (2) (137 SE 784) (1927). "All trial jurors in the courts of this state shall be disqualified to act or serve in any case or matter when such jurors are related by consanguinity or affinity to any party interested in the result of the case or matter within the sixth degree as computed according to the civil law. . . ." OCGA § 15-12-135 (a). "The civil law is computed by counting from one of the persons up to the common ancestor, and then down again to the other person." *Williams v. State,* 206 Ga. 107 (2) (55 SE2d 589) (1949). "[T]he correct method of computation is to count the 'steps' or generations from one ancestor to the next counting each 'step' or generation as one degree, and not to count each ancestor as a degree. If the sum is within the sixth degree, the juror is disqualified to serve in the matter. . . . [T]hird cousins [are] related in the sixth degree, a prohibited degree under [OCGA § 15-12-135]. [Cits.]" *Eaton v. Grindle,* 236 Ga. 324, 325 (223 SE2d 670) (1976). See *Smith v. State,* 2 Ga. App. 574, 576 (59 SE 311) (1907). Since the juror and the prosecutor were related within a prohibited degree, the juror should have been dismissed for cause, and the trial court committed reversible error when it refused to disqualify the juror related to the prosecutor. *Harris v. State,* supra; *Bass v. State,* 183 Ga. App. 349 (358 SE2d 837) (1987).

3. Appellant claims he was denied his Sixth Amendment right to confrontation and his statutory right to a thorough and sifting cross-examination (OCGA § 24-9-64) when the trial court sustained the State's objection to appellant's attorney's questioning of a police officer about the circumstances of appellant's arrest. The objection was properly sustained since the officer testified he did not know when appellant was arrested and he was not present at appellant's arrest.

Furthermore, the next witness, the arresting officer, testified about the circumstances of appellant's arrest. Thus, the jury did hear the evidence initially denied them by the trial court's action. Appellant's claim has no merit.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED APRIL 28, 1989.

*May & Horkan, Dwight H. May*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.