## A89A0913. SMITH v. THE STATE.
(386 SE2d 530)

BIRDSONG, Judge.

Appellant, Samuel James Smith, appeals his conviction of two counts of selling cocaine and the denial of his motion for new trial.

On March 17, 1988, Agent Newton of the U. S. Army Criminal Investigation Command (hereinafter CID Agent) was introduced to appellant by a registered informant. The informant knocked on appellant's door and appellant came outside. Appellant entered the CID Agent's vehicle and had the agent drive him to the rear of the apartment complex where appellant lived. Appellant departed the vehicle and returned several minutes later. Appellant said that it would be about 25-30 minutes before his drug source had the drugs. After waiting the prescribed time, appellant again departed the vehicle and returned in about five minutes.

Appellant handed the CID Agent eight "rocks" of cocaine and was then given $230 by the agent. On March 22, 1988, the agent and his informant again met with appellant who entered the agent's vehicle and the same basic sequence of events recurred culminating in the appellant's handing the agent one "rock" of cocaine in a plastic bag and then being paid $250 by the agent. The agent testified that the actual exchange of cocaine for money occurred when appellant directly handed the cocaine to him and then was directly paid the money by the agent; the informant was used only in the initial introduction of both sales.

Appellant asserted the defense of entrapment. He testified that he smoked cocaine; basically his entire paycheck was being used to purchase cocaine; he had been selling his personal property to obtain cocaine; he was spending $40-45 a day for cocaine; and, that the informant was an old friend. Appellant further testified that the informant produced some cocaine which the men smoked; the informant had brought the CID Agent to the house with him; the CID Agent asked appellant to get some cocaine for him and offered to give appellant some of it; because he was a cocaine user the appellant accepted the agent's offer; the agent gave him the money in advance to obtain the drugs from a suspected drug dealer whom appellant knew; appellant made no cash profit from the sale but was merely a go-between in order to obtain some of the drugs for his own use; and, these two sales were the only cocaine sales in which appellant ever was involved. *Held*:

1. Appellant asserts that the evidence was insufficient to support the verdict, because it was procured by means of entrapment. Specifically, appellant argues that appellant raised the entrapment defense and that the State failed to prove beyond a reasonable doubt that entrapment did not occur.

"On appeal the evidence must be viewed in the light most favorable to the verdict." *Guffey v. State*, 191 Ga. App. 501 (3) (382 SE2d 202); *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849). Issues of credibility of witnesses and weight of admitted evidence are within the province of the fact finder to resolve; " 'appellate courts do not weigh the evidence or determine the credibility of the witnesses, but look only to determine if the evidence is sufficient such that a reasonable trier of fact could rationally have found proof of guilt beyond a reasonable doubt.' " *Banks v. State*, 185 Ga. App. 851 (3) (366 SE2d 228).

In the case before us, the defense of entrapment was reasonably raised by the evidence, and the jury was so instructed. Moreover, appellant did not take exception to the charge to the jury, and before this court appellant concedes that "[t]he jury . . . was charged on the theory of entrapment and the [a]ppellant takes no exception to the

instruction as given."

Appellant testified in his own behalf, and his version of the meeting between himself and a man who he believed to be the informant differed markedly from the testimony of the agent. The informant did not testify. The agent testified that on the first occasion "[t]he source knocked on the [appellant's] door and [appellant] answered the door and came outside. He entered the vehicle that I was driving . . . at which time he instructed me to drive to the rear of [the apartment complex] . . . at which time he got out of the vehicle." The agent further testified that "after the first buy I let [appellant] out that night and we made arrangements to meet up again and make another purchase. There was no date or time set. . . ." The agent testified that on the second drug sale occasion "the source knocked on [appellant's] door and [appellant] said it would be a few minutes, he had to put on some clothes, at which time he got in the back seat of my vehicle." The agent further testified that he only had to wait for appellant for "about three minutes" and then appellant came out to the vehicle.

In *Bacon v. State*, 188 Ga. App. 782 (1) (374 SE2d 351), " '[a]ppellant testified in his own defense. Appellant's version of the events differed from the agent's and, as to his predisposition to commit the crime, was exculpatory. Because the confidential informant was never called as a witness for the State to rebut appellant's testimony, he "claims that the evidence demanded a finding of entrapment. Contrary to that contention, however, the appellant's testimony concerning his lack of predisposition hardly went uncontradicted. . . . The appellant's testimony certainly raised the defense of entrapment, but it did not demand a finding of such. In this case, the issue of whether the State impermissibly encouraged the appellant to evil was properly submitted to the jury, and the evidence authorized a rational trier of fact to find beyond a reasonable doubt that the appellant had not been entrapped." [Cits.]' " Id.; accord *Lawson v. State*, 184 Ga. App. 204 (361 SE2d 210). As in *Bacon* and *Lawson*, we find that the record contains competent admitted evidence, which if believed by the jury, would disprove appellant's claim of entrapment.

Review of the transcript in a light most favorable to the jury's verdict "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the offenses] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (2) (363 SE2d 257).

2. Appellant asserts that the exclusion of his testimony as to what an agent of the State, the informant, had told him, on the grounds that it was hearsay, was error.

The trial transcript reveals the following colloquy among court personnel and appellant. "[APPELLANT]: Well, after we had con-

sumed the [c]ocaine [Ronnie Crawford] told me that he had $125.00 and he asked me did I want to get an eight ball with him, which is $250.00. I told him, 'No, I don't want to get involved with no [c]ocaine like that.' [PROSECUTOR]: Objection, hearsay. THE COURT: What about it? [DEFENSE COUNSEL]: *I'll move to the next question.* THE COURT: What about what we've had so far? Do you move to strike it? [PROSECUTOR]: Yes, I move to strike it. . . . THE COURT: Sustain the objection and strike any reference to a person named Steve Crawford—is that his name? [PROSECUTOR]: According to the defendant. [APPELLANT]: Ronnie Crawford. THE COURT: Ronnie Crawford quoted by this witness. Counsel has objected and moved to strike on the basis of hearsay. I strike it from the record and you are not to give it any weight and credit. . . . [DEFENSE COUNSEL]: How did you meet Agent Newton? [APPELLANT]: Well, Ronnie Crawford had come to my house and he brought Agent Newton with him. He introduced me to Agent Newton as his brother-in-law. He said, 'This is my brother-in-law. He wants to know—' [PROSECUTOR]: Your Honor, I object again to hearsay. THE COURT: Pure hearsay counsel. Sustain the objection and strike the testimony. Jury do not give it any weight and credit. [H]earsay testimony is what Ronnie Crawford said coming from this witness' mouth. [DEFENSE COUNSEL]: Did you ever talk to Agent Newton? [APPELLANT]: Well, he told me. . . ." (Emphasis supplied.)

Neither during the course of this colloquy nor thereafter did appellant contest the ruling of the trial court in any manner, and to the contrary appellant acquiesced in the trial court's ruling. "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further." *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536); accord *Boatright v. State*, 192 Ga. App. 112 (385 SE2d 298) (1989); *Riley v. State*, 180 Ga. App. 409, 411 (349 SE2d 274). Accordingly, we find nothing for us to review based on the posture of the trial record regarding this particular enumeration of error.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 8, 1989.

*Peter D. Johnson*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Michael C. Eubanks, Barbara A. Smith, Assistant District Attorneys*, for appellee.