### A92A1568. SMITH v. THE STATE.
(424 SE2d 371)

COOPER, Judge.

Appellant was convicted by a jury of selling cocaine in violation of the Georgia Controlled Substances Act and appeals his conviction and sentence.

At appellant's trial, a special agent for the Georgia Bureau of Investigation testified that he was working undercover with an informant, driving around town attempting to make cocaine purchases from street-level dealers, when he and the informant saw a group of three black males, including appellant, standing in front of a pool hall. One of the three (the agent could not say whether or not it was appellant) hollered and waved at the agent and informant as they drove by. The agent and informant then circled the block and pulled into a side street which appellant motioned them into. Appellant approached the undercover car and, after the informant initiated a conversation with him, asked the agent and informant what they needed. They responded that they wanted one rock of crack cocaine. Appellant asked

---

if they were police, and the agent responded, "does this look like a police car to you?" After examining the car and tag, appellant came back to the window and said he was leaving but would be right back with the cocaine. Appellant did return and place the cocaine on an arm rest of the agent's car, and the agent paid him $20. The agent and informant then drove on, and appellant walked away.

Appellant testified that he was not a drug dealer and was simply walking down the street when the agent and informant called him over to their car and asked him for drugs; that he explained to them that he did not sell drugs but that some guys around the corner probably had some; and that he then simply did them a favor by taking their $20 around the corner and returning with their drugs. He argued that he was entrapped into providing cocaine, pointing out that the agent and informant were purposefully driving around town attempting to purchase cocaine; that they initiated the conversation with appellant; that they first mentioned drugs; and that they told appellant what they wanted to buy. The trial court properly instructed the jury on entrapment, but the jury found appellant guilty.

In his only enumeration of error, appellant contends that the State's evidence was insufficient to prove beyond a reasonable doubt that he was not entrapped. OCGA § 16-3-25 provides that "[a] person is not guilty of a crime if, by entrapment, his conduct is induced or solicited by a government officer or employee, or agent of either, for the purpose of obtaining evidence to be used in prosecuting the person for commission of the crime." Under Georgia law, however, there is no entrapment if the defendant is predisposed to commit the crime. *Keaton v. State*, 253 Ga. 70 (316 SE2d 452) (1984). In this case, a government agent testified that appellant motioned to him to pull into the side street, approached his car, asked him and his companion what they wanted and then sold them drugs. "Under the agent's testimony, he had merely afforded appellant the opportunity to commit the offense and appellant had readily availed himself of that opportunity. . . . Appellant's version of the events differed from the agent's and, as to his predisposition to commit the crime, was exculpatory. . . . '[H]owever, the appellant's testimony concerning his lack of predisposition hardly went uncontradicted. . . . The appellant's testimony certainly raised the defense of entrapment, but it did not demand a finding of such. (Cits.)' " *Lawson v. State*, 184 Ga. App. 204 (361 SE2d 210) (1987); accord *Smith v. State,* 192 Ga. App. 768 (1) (386 SE2d 530) (1989). The trial court properly submitted the issue of an entrapment defense to the jury, and the jury rejected that defense. Viewing the evidence in this case in a light most favorable to the verdict, it is sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant had not been entrapped. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 2, 1992.

Timothy L. Lam, for appellant.
Joseph H. Briley, District Attorney, James L. Cline, Jr., Assistant District Attorney, for appellee.