A04A2259. WRIGHT v. THE STATE.
(609 SE2d 114)

BLACKBURN, Presiding Judge.

Danny Michael Wright pled guilty to trafficking in methamphetamine[1] and was sentenced under the recidivist act to a term of thirty years, with ten to serve. His sole contention on appeal is that the trial court erred in sentencing him as a recidivist. For the reasons which follow, we affirm.

Wright argues that the trial court erred in sentencing him as a recidivist because the State failed to give him notice of its intention to seek recidivist punishment as required by OCGA § 17-10-2 (a). There is no merit to this argument.

OCGA § 17-10-2 (a) provides that, at a presentence hearing, the judge shall hear additional evidence in aggravation of punishment,

---

[1] OCGA § 16-13-31.

including the record of any prior criminal convictions and pleas of guilty or nolo contendere of the defendant, "provided that only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial shall be admissible." However,

> OCGA § 17-10-2 (a) is applicable and the State is bound by its pre-trial notice requirements in cases wherein sentence is to be imposed after a jury trial, a bench trial or probation revocation proceedings. . . . By its terms, OCGA § 17-10-2 (a) is not made expressly applicable to sentences imposed in the context of guilty plea hearings.

*Martin v. State.*[2] Since sentence was imposed upon Wright following a plea of guilty, the statute does not apply.

Even assuming the statute were applicable, Wright waived any claim that the trial court erred in sentencing him as a recidivist. "The purpose of [OCGA] § 17-10-2 is to give defendant a chance to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial." (Punctuation omitted.) *Howard v. State.*[3] Though Wright complains that he did not receive proper notice from the State, Wright's counsel stated to the court, prior to the court's acceptance of Wright's guilty plea, that Wright understood that the State would be seeking recidivist treatment, that he did not challenge the prior convictions, and that he did not object to admission of the certified copies of his three prior convictions into evidence. Accordingly, Wright waived any error. Id. at 726 (a) ("Howard's counsel did not object to the admission of Howard's prior convictions and affirmatively stated that he did not contest their admission, thereby waiving error") (punctuation omitted). See also *Turner v. State*[4] ("when the defendant fails to object to evidence of a prior conviction during the presentencing phase of the trial, the error is deemed waived").

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED DECEMBER 27, 2004.

*Flint & Connolly, John F. Connolly,* for appellant.

---

[2] *Martin v. State,* 207 Ga. App. 861, 862 (429 SE2d 332) (1993).
[3] *Howard v. State,* 233 Ga. App. 724, 726 (1) (b) (505 SE2d 768) (1998).
[4] *Turner v. State,* 259 Ga. App. 902 (1) (578 SE2d 570) (2003).

*Garry T. Moss, District Attorney, Thomas J. Bowers III, Assistant District Attorney*, for appellee.