A09A0419. HOWARD v. THE STATE.
(677 SE2d 375)

PHIPPS, Judge.

Eddie James Howard was convicted of aggravated assault and, as a recidivist offender, he was given the maximum 20-year sentence under OCGA § 17-10-7 (c). He moved for a new trial, challenging the sufficiency of the evidence to support the verdict and complaining of his trial counsel's ineffectiveness in failing to examine his criminal record to determine the validity of the convictions tendered by the state in aggravation of punishment. Following the trial court's denial of his motion for new trial, Howard appeals. We affirm.

At trial, the victim, Benjamin Franklin Lewis, testified that at the time of the assault Howard was working for him assisting in the renovation of a rental house that Lewis owned. Lewis further testified that because Howard would not do the renovations the way

---

Lewis wanted, he told Howard to go home. According to Lewis, Howard then asked about his payment for that day's work, and Lewis told him that he did not have the right currency denominations with him and would bring him the money later. Lewis then turned around to go back into the house and was rendered unconscious by a blow to the head.

A neighboring homeowner testified that she later saw Howard walking past her home. According to that witness, Howard was cursing as he was walking down the street because he was mad at Lewis for not having given him his money, and Howard told her that he had hit Lewis in the head. The witness and her nephew then went to Lewis's house and found him lying on the ground. After they helped him to his feet, the witness observed that Lewis was quite disoriented. The witness also observed Lewis take a wad of money out of his pocket and give a few dollars to one of his workers to buy medicine for his head wound.

A statement given by Lewis to one of the investigating officers, in combination with Lewis's trial testimony, showed that Howard struck Lewis with a two-by-four board they had intended to use in building the porch rails. Even though Lewis also told the officer that Howard had taken some money from his pockets, Lewis gave no such testimony at trial. And although Howard was indicted for armed robbery as well as aggravated assault, he was acquitted of the former charge. In a statement given to one of the investigating officers, and at trial, Howard claimed that he had struck Lewis in self-defense because Lewis was threatening him with a box cutter. And Lewis admitted that at the time of the assault he was in possession of a box cutter that he was using to do renovation work. But the evidence showed that the wound Lewis had sustained was to the back of his head.

1. Howard's challenge to the sufficiency of the evidence is without merit. Construed in a light most favorable to the verdict, the evidence was sufficient to authorize any rational trier of fact in finding Howard guilty of aggravated assault beyond a reasonable doubt.

2. Howard contends that the trial court erred in sentencing him as a recidivist under OCGA § 17-10-7 (c), because the state did not give him pretrial notice of its intent to introduce evidence of his prior convictions in aggravation of punishment, as required by OCGA § 17-10-2. Howard's reliance on OCGA § 17-10-2 is misplaced.

As enacted in 1974, OCGA § 17-10-2 (a) (formerly Code Ann. § 27-2503 (a)) provided that, at a presentence hearing, only such evidence in aggravation of punishment as the state made known to

the defendant prior to trial would be admissible.[1] The purpose of this statutory requirement was to give the defendant a chance to examine his record to determine if the convictions were his, if he was represented by counsel, and if any other defects existed which would render such evidence inadmissible.[2] The remedy for violation of the statute was a continuance to give the defense an opportunity to prepare.[3] But failure of the defendant to object to evidence of a prior conviction during the presentence hearing was deemed a waiver.[4]

This notice requirement was, however, deleted from the statute effective July 1, 2005.[5] Although the trial in this case occurred in 2007, thereby rendering former OCGA § 17-10-2 (a) inapplicable, the defense filed an election to proceed under our reciprocal discovery statute.[6] That statute provides that "[t]he prosecuting attorney shall, no later than ten days prior to trial, or at such time as the court orders but in no event later than the beginning of the trial, provide the defendant with notice of any evidence in aggravation of punishment that the state intends to introduce in sentencing."[7] Consequently, the state did file a notice of its intent to seek recidivist punishment and introduce evidence of Howard's prior convictions in aggravation of punishment. Although this notice was not filed until the second day of the two-day trial, it was served on defense counsel on the first day of trial prior to the jury being sworn, and certified copies of the convictions were admitted without objection. Under these circumstances, any defects or untimeliness in the notice were waived.[8]

3. Howard charges his trial attorney with ineffective assistance in failing to complain of defects rendering evidence of certain of his prior convictions inadmissible.

Here, the state's notice advised the defense of its intent to introduce evidence of four prior felony convictions entered against Howard: a 1988 Colquitt County conviction of VGCSA (violation of the Georgia Controlled Substances Act) in Case No. 88-CR-299; a 1989 Colquitt County VGCSA conviction in Case No. 89-CR-299; a 1993 Colquitt County VGCSA conviction in Case No. 93-CR-248; a 1982 Colquitt County aggravated assault conviction.

---

[1] See *Cobb v. State*, 244 Ga. 344, 354 (20) (a) (260 SE2d 60) (1979); *Wright v. State*, 271 Ga. App. 157-158 (609 SE2d 114) (2004).

[2] *Wright*, supra.

[3] *Bacon v. State*, 188 Ga. App. 782, 784 (2) (374 SE2d 351) (1988).

[4] *Wright*, supra.

[5] *McIntosh v. State*, 287 Ga. App. 293, 295-296 (651 SE2d 207) (2007).

[6] OCGA § 17-16-1 et seq.

[7] OCGA § 17-16-4 (a) (3) (B) (5).

[8] See *Winfrey v. State*, 286 Ga. App. 450, 453 (4) (649 SE2d 561) (2007).

Following the hearing on Howard's motion for new trial, the defense supplemented the record with an exhibit showing that his first felony conviction, of VGCSA in Case No. 88-CR-299, was reversed on appeal[9] and that he was acquitted on retrial. Another exhibit showed that Colquitt County Case No. 89-CR-299, identified in the state's notice as his second VGCSA conviction, was actually a case involving a theft charge against other persons. Evidence introduced at Howard's trial showed, however, that Howard did receive a felony conviction for VGCSA in Colquitt County in 1989 — but in Case No. 89-CR-111, rather than in Case No. 89-CR-299 (the case number given in the state's notice). The evidence also showed that, even though the state's notice to the defense did not provide a case number for Howard's 1982 aggravated assault conviction in Colquitt County, he in fact was convicted of aggravated assault in 1982 in Colquitt County in a case referenced by only its docket number, 6682.

OCGA § 17-10-7 (c), the recidivist statute under which Howard was sentenced, requires the maximum sentence for a fourth or subsequent felony conviction. Notwithstanding any inaccuracies in the state's notice, the state did submit at the presentence hearing certified copies of three valid prior felony convictions of Howard. Therefore, the trial court did not err in sentencing him as a recidivist under OCGA § 17-10-7 (c), and any ineffectiveness on trial counsel's part was not prejudicial to the defense.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED APRIL 3, 2009.

*Allen & Forehand, Jon V. Forehand*, for appellant.
*J. David Miller, District Attorney, Brian A. McDaniel, Assistant District Attorney*, for appellee.

---

[9] See *Howard v. State*, 191 Ga. App. 418 (382 SE2d 159) (1989).