## CENTRAL GEORGIA POWER COMPANY *v.* POPE.

1. The question raised as to the disqualification of certain jurors because of relationship to plaintiffs in other cases against the same defendant is controlled by *Central Georgia Power Co. v. Nolen*, 143 *Ga.* 776 (85 S. E. 945).

2. There was no evidence authorizing a charge to the effect that a release from damages, contained in a deed from the plaintiff to the defendant, did not release the latter from damages arising from criminal negligence.

(a) The charge which left to the jury to determine whether the damages involved were reasonably in the contemplation of the parties when the conveyance and release were executed by the plaintiff to the defendant was not altogether appropriate or adapted to the present case.

3. Prior to the construction of its dam or reservoir, a hydroelectric company, having the right of eminent domain, obtained from the owners of certain lots a deed to portions thereof, for the purpose of making a reservoir and backing water by means of its dam. In the deed, after describing the property conveyed, and referring to the easements, rights, members, and appurtenances thereunto belonging, appeared the following words: "The said party of the second part, its successors and assigns, being hereby released and discharged by the said party of the first part, their heirs, personal representatives, and assigns, from any and all actions and rights of action, rights to or claims for damages of any nature, resulting from the construction, maintenance, or operation of said dam or power-plant and the consequent changes in the height of the water." *Held,* that such conveyance released the defendant from all damages resulting from the proper and non-negligent

construction, maintenance, or operation of the dam or power-plant; but did not operate as a release of damages resulting from a negligent construction and maintenance thereof.

SEPTEMBER 22, 1915.

Action for damages. Before Judge Reid. Newton superior court. August 8, 1914.

W. C. Pope brought suit against the Central Georgia Power Company, seeking to recover damages alleged to have arisen from a nuisance created by the backing of water caused by the dam of the defendant. The petition alleged that the defendant negligently and improperly erected its dam and constructed its plant, in not acquiring, by condemnation or otherwise, sufficient land to enable it to carry on its business so as not to injure the plaintiff's land; and in that the defendant did not clean off the reservoir and remove therefrom the wood and other substances before backing water over it, causing the water to collect in lagoons and low places and to become stagnant and infested with disease-bearing mosquitoes, and to fill the air with noxious vapors and gases. Diminution in market value and in rental value of the plaintiff's property, loss of rents and crops during certain years, and rendering it inconvenient as a habitation, were alleged. By amendment it was alleged that the defendant acted maliciously with the specific intent and purpose of injuring the plaintiff. The jury found for the plaintiff $346.42. The defendant moved for a new trial, which was denied, and it excepted.

*Hatcher & Smith* and *Greene F. Johnson,* for plaintiff in error.

*Rogers & Knox,* contra.

LUMPKIN, J. (After stating the foregoing facts.) This case was before the Supreme Court on exceptions to the ruling of the trial court upon a demurrer. 141 *Ga.* 186 (80 S. E. 642). Several of the grounds of the motion for a new trial were expressly abandoned in the brief. Some of the others were palpably without merit, and require no discussion.

1. The contention that certain jurors were disqualified, because of relationship to plaintiffs in other cases against the defendant, is controlled by the decision in *Central Georgia Power Co.* v. *Nolen,* 143 *Ga.* 776 (85 S. E. 945). The proceeding was not a challenge of certain jurors on the ground of bias, but an effort to apply, as a legal test of disqualification, the relationship within the

fourth degree of any juror to any plaintiff in the other cases pending.

2. The defendant introduced a conveyance of parts of certain tracts of land by the plaintiff and others to the defendant, which contained the following clause of release, after the description of the land conveyed, and a reference to its easements, rights, members, and appurtenances: "The said party of the second part, its successors and assigns, being hereby released and discharged by the said party of the first part, their heirs, personal representatives, and assigns, from any and all actions and rights of action, rights to or claims for damages of any nature, resulting from the construction, maintenance, or operation of said dam or power-plant and the consequent changes in the height of the water." The court charged the jury that no release would be binding on a party so far as damages arising from criminal negligence of the other party were concerned, and defined criminal negligence to be a dereliction of duty under circumstances showing an actual intent to injure. There was no evidence of criminal negligence on the part of the defendant, and this charge was unwarranted and *injurious* to the defendant.

3. The defendant company was one having the power of eminent domain. Had it acquired property from the plaintiff for the purpose of constructing its reservoir and operating its works, the damages awarded would have included such as arose from a proper and non-negligent construction and operation; but would not have prevented a recovery for a negligent construction or operation. *Central Georgia Power Co.* v. *Mays,* 137 *Ga.* 120, 124 (72 S. E. 900).

In 2 Lewis on Eminent Domain (3d ed.), § 710, it is said: "When part of a tract is taken, the damages are not limited to such as result from the mere severance of title caused by the taking, but include damages caused by the use of the property for the purpose for which the condemnation is made. Such use embraces the construction of the work or improvement, and the maintenance, use, and operation of the same. Thus in a railroad case it was held proper to consider 'all incidental loss, inconvenience, and damages, present and prospective, which may be known or may reasonably be expected to result from the construction and operation of the road in a legal and proper manner.' " In section 714

it is said: "Damages are to be assessed on the basis that the works will be constructed and operated in a skillful and proper manner. Thus in case of railroads it must be assumed that they will construct necessary and proper culverts, and that, in bridging streams, they will make waterways of sufficient capacity and so place the piers and abutments as not to do any unnecessary injury to the adjacent lands. All damages resulting from neglect in construction or from negligence in the use of the property or works may be recovered by appropriate actions by the parties damnified when such damages occur, and nothing should be allowed on the theory that such negligence may happen." In section 821 it is said: "The authorities undoubtedly hold that the assessment of damages will be presumed to include all damages which arise from constructing the works in a reasonable and proper manner, having regard to the efficiency of the works on the one hand and the interest of the landowner on the other. Where a subsequent claim for damages is made, arising from the construction of works, the question will be whether the works have been constructed in a proper manner, and whether the damage necessarily results from the works as so constructed. If these questions are answered in the affirmative, then the damages complained of will be presumed to have been considered in estimating the damages, and no further recovery can be had. If they are answered in the negative, then a recovery can be had in an appropriate common-law action." In this section possible negligent operation is not considered. Numerous authorities are cited under the sections quoted. See also § 829; Missouri &c. Ry Co. v. Haines, 10 Kans. 439; Neilson v. Chicago &c. Ry. Co. 58 Wis. 516 (17 N. W. 310); Bungenstock v. Nishnabotna Drainage District, 163 Mo. 198 (64 S. W. 149). The author above mentioned urges, that, even in the absence of express constitutional or statutory provision on the subject of what damages are to be considered as included in the award, the decisions of various courts have been too broad. § 820.

No ruling was here made in regard to the provision of our constitution to the effect that private property shall not be taken or damaged without just and adequate compensation being first paid; and no discussion thereof is required.

Where, instead of condemning the land belonging to the plaintiff and others, the defendant obtained from them a conveyance con-

taining the words·of release above quoted, such words will not be construed as covering improper and negligent construction on the part of the defendant, or so as to release it from damages arising therefrom. The conveyance was made before completion of the work, or the doing of the damage, and does not fall within the reasoning of those decisions which dealt with a completed structure and existing status. Freemont &c. R. Co. *v.* Harlin, 50 Neb. 698 (70 N. W. 263, 36 L. R. A. 417, 61 Am. St. R. 578) ; Jungblum *v.* Minneapolis &c. R. Co., 70 Minn. 153 (72 N. W. 971) ; Brown *v.* Pine Creek Ry. Co., 183 Penn. St. 38 (38 Atl. 401). The decision in *Seaboard Air-Line Railway* v. *McMurrain,* 132 *Ga.* 181 (63 S. E. 1098), does not conflict with what is said above.

It is true that general words are employed in the release, but they must be considered in connection with the other parts of the conveyance, which is to be looked to as a whole. There is nothing to show an intention to include a release from damages arising from negligence; and the construction above stated is the proper one to be placed upon the instrument.

A release is to be construed according to the intent of the parties. Surrounding circumstances are admissible to explain an ambiguity. General words of release accompanying particular recitals are to be construed in connection with such recitals, so as to give effect to the intent exhibited by the instrument as a whole. See, in this connection, 24 Am. & Eng. Enc. Law (2d ed.), 290-294, and citations. Sometimes the expression has been used that certain damages were or were not in contemplation of the parties; and the trial court in this case submitted to the jury to determine whether the damages claimed in the present suit were or were not in the contemplation of the parties when the release was executed. We do not think that this form of instruction was well adapted to the case, or an apt method of expression. Parties may execute an instrument which will·release all claims of every character, although they may not have in special contemplation a particular claim or item of damages. But under the construction which has been given above to the words of release included in the conveyance here involved, it is not necessary to discuss further what might be the best mode of submitting to the jury the question of intent in a proper case.

From what has been said a reversal of the judgment must be

granted. As a new trial will be had, the evidence introduced on the last trial need not be discussed.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*