**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**December 20, 2012**

# In the Court of Appeals of Georgia

A12A2284. CHAMBLEE v. THE STATE.

McFADDEN, Judge.

Thomas A. Chamblee appeals his convictions of four counts of child molestation. He argues that the evidence was insufficient to support the convictions. We disagree and therefore affirm his convictions.

On appeal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). Viewed in this light, the evidence showed that the victim was the daughter of Chamblee's girlfriend. The victim was seven years old at the time of trial.

One evening when the victim was spending the night at her maternal grandparents' house, she and her maternal grandmother called the paternal grandmother to tell her good night; her grandmothers were friends. While they were on speaker phone, the victim said that she had something to tell her grandmothers, but she made them promise not to tell her mother. The victim told her grandmothers that Chamblee had pulled down her pajamas and underwear, put his finger in her mouth and rubbed her genitals. He then turned her over, rubbed her buttocks and began "humping" her.

The maternal grandmother had the victim repeat her description of what happened, and recorded her statement on a cellular telephone. The audio recording was played for the jury. Days later, the victim repeated her accusation to the paternal grandmother. The victim told a police detective and an employee of the Department of Family and Children Services that Chamblee had touched her, and her descriptions were consistent with her outcry to her grandmothers.

The mother told the victim that if she did not tell the truth, she could get Chamblee in trouble. She also called the victim a liar in front of both grandmothers, telling her that she was going to cause Chamblee to go to jail. Some time later, while

the victim was at her mother's apartment, the maternal grandmother and the victim spoke on the phone, and the victim told her grandmother that she had lied. The mother also had the child tell the paternal grandmother that she had lied. The mother took the child to the investigating detective and told him that the victim had lied.

At trial, when the prosecutor asked the victim if what she told her grandmother was true, the victim shook her head no. When asked about whether she talked to her grandmother about Chamblee touching her, the victim said, "But he didn't really touch me. I was just trying to say, 'Good night, Mawmaw. I love you. Will you go get Bubbles, please?' And I just blurted it out in my head."

The jury returned a verdict of guilty, and Chamblee appeals the judgment entered on the verdict.

A person commits child molestation when he "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a) (1). The testimony about the victim's description of Chamblee's acts,

> standing alone, was sufficient to support the verdict; and the jury was entitled to consider the victim's out-of-court statements . . . as substantive evidence under the Child Hearsay Statute, OCGA § 24-3-16. Accordingly, we conclude that any rational trier of fact could have

3

found [Chamblee] guilty beyond a reasonable doubt of the [four] counts of . . . child molestation with which he was charged. . . .

[T]he victim's testimony, alone, supports [Chamblee's] convictions, despite the absence of any physical evidence, because Georgia law does not require corroboration of a child molestation victim's testimony. . . . [And] any inconsistencies between the victim's trial testimony and her out-of-court statements were issues of witness credibility that were solely within the province of the jury and play no part in this [c]ourt's sufficiency of the evidence review. On appellate review, we determine only the legal sufficiency of the evidence adduced below and do not weigh the evidence or assess the credibility of the witnesses. Thus, as long as there is some evidence, even though contradicted, to support each necessary element of the state's case, the verdict will be upheld.

(Citations and punctuation omitted.) *Anderson v. State*, 315 Ga. App. 679, 681-682 (1) (727 SE2d 504) (2012). The victim's description of Chamblee's acts authorized the jury to find Chamblee guilty under the standard of *Jackson v. Virginia*, supra, 443 U. S. 307. See *Goldstein v. State*, 283 Ga. App. 1, 3 (1) (640 SE2d 599) (2006). We therefore must affirm his convictions.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

4