**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 3, 2014**

# In the Court of Appeals of Georgia

A13A1954. KILGORE v. THE STATE.

MCFADDEN, Judge.

After a jury trial, James Kilgore was convicted of possession of methamphetamine with intent to distribute. He appeals, challenging the sufficiency of the evidence. Because there is enough evidence from which a rational trier of fact could have found Kilgore guilty beyond a reasonable doubt, we affirm.

1. *Jurisdiction.*

"It is the duty of this [c]ourt in all instances to inquire into our jurisdiction." *Segura v. State*, 280 Ga. App. 685, 686 (1) (634 SE2d 858) (2006) (footnote omitted). In that regard, the record shows that the jury returned its guilty verdict on November 1, 2011, and the trial court imposed sentence and entered final judgment of conviction on December 1, 2011. Kilgore did not move for a new trial or file a notice of appeal

within 30 days of the final judgment. Rather, on January 23, 2012, his trial attorney filed a document entitled "Extraordinary Motion for New Trial." In that filing, counsel alleged that on December 8, 2011, he had sent a letter to the circuit public defender indicating that Kilgore wished to appeal his conviction but could not afford to hire private counsel, and that the Georgia Public Defender Standards Council did not subsequently contact and ask counsel to handle Kilgore's appeal until more than 30 days after entry of the final judgment. The extraordinary motion requested that the trial court inquire into the basis for the need to file the extraordinary motion, and also challenged the sufficiency of the evidence supporting the verdict. On April 24, 2013, the trial court entered an order denying the motion on the basis that there was sufficient evidence to support the jury's verdict, and also granting Kilgore 30 days to file an appeal. Kilgore timely filed a direct appeal from that order.

To the extent Kilgore is deemed to have directly appealed from the denial of an extraordinary motion for new trial, such an appeal would not be properly before us because a party must file an application for discretionary appeal from such an order. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). However, "our jurisdictional review is [also] guided by the principle that courts are not bound by the designation given motions by the parties

2

and that we look to substance over nomenclature." *Miller v. State*, 264 Ga. App. 801, 803 (b) (592 SE2d 450) (2003) (citation and punctuation omitted). Here, even though Kilgore designated his filing as an extraordinary motion for new trial, in substance it was a motion for leave to file an out-of-time appeal based on allegations that even though he had expressed his desire to appeal his conviction and could not afford an attorney, appellate counsel was not appointed to represent him until after expiration of the 30-day period for filing an appeal.

"An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal." *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003) (citation and punctuation omitted). "The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal." *Glass v. State*, 248 Ga. App. 91, 92 (1) (545 SE2d 360) (2001) (citations omitted). "The out-of-time appeal is granted where the deficiency involves not the trial but the denial of the right of appeal." *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995) (citations and punctuation omitted). Thus, an out-of-time appeal may be granted where a defendant in a criminal case is not advised of his right of appeal or his counsel fails to appeal as directed. *Tyner v. State*, 289 Ga. 592, 593 (1) (714 SE2d 577) (2011); *Birt v. Hopper*, 245 Ga.

3

221, 221-222, fn. 1 (265 SE2d 276) (1980). Under the circumstances here, it is apparent that the trial court found that Kilgore's right to appeal was frustrated and thus the trial court granted him 30 days to file an out-of-time appeal. Kilgore timely filed his notice of appeal, and thus the appeal is properly before us.

2. *Sufficiency of the evidence.*

In his sole enumeration of error, Kilgore claims that there is insufficient evidence to support the verdict. The claim is without merit.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Brown v. State*, 318 Ga. App. 334, 334-335 (733 SE2d 863) (2012) (citations and punctuation omitted).

So viewed, the evidence shows that a sheriff's drug task force set up a controlled purchase of methamphetamine with a confidential informant. The informant contacted Grady Burns and Virginia Thomley, who then contacted Kilgore about buying an ounce of methamphetamine. Kilgore agreed to provide the drugs. The confidential informant, Burns and Thomley were waiting at the site of the

4

arranged drug sale when Kilgore arrived in a truck with a passenger named Anna Henderson. Thomley went to the truck, gave Kilgore $1,800 that had been provided by the drug task force, and asked for the drugs. Kilgore said that they would all have to drive to another location to get the drugs. Kilgore pulled out of the location, but a short time later was stopped by officers who had the drug buy under surveillance. Before the officers arrived at the truck, Kilgore gave a pill bottle to Henderson and told her to hide it, and she put it down her pants. The officers found the $1,800 and digital scales in the truck, and recovered the pill bottle from Henderson. Inside the bottle was a crystal substance that weighed almost nine grams and tested positive for methamphetamine.

In arguing that the evidence was insufficient, Kilgore points to conflicts and inconsistencies in the evidence. However, such matters are issues "that were solely within the province of the jury and play no part in this [c]ourt's sufficiency of the evidence review." *Chamblee v. State*, 319 Ga. App. 484, 485 (735 SE2d 810) (2012) (citation and punctuation omitted). See also *Parker v. State*, 320 Ga. App. 319 (1) (741 SE2d 159) (2013) (discrepancies in testimony, witness credibility and other factual issues relate entirely to matters within the exclusive province of a jury). Accordingly, "[w]e conclude that the jury rationally could have found from the

evidence discussed above . . . that [Kilgore] possessed the methamphetamine with the intent to distribute it." *Dodd v. State*, ___ Ga. App. ___ (1) (752 SE2d 29) (2013).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*