# Court of Appeals
# of the State of Georgia

ATLANTA,  January 14, 2015

*The Court of Appeals hereby passes the following order:*

**A15A0627. ROSS v. THE STATE.**

Following a jury verdict of guilty on multiple counts, the trial court sentenced the appellant on June 24, 2011, to serve a total of 45 years. To be timely, a notice of appeal must be filed within 30 days after entry of the appealable order. OCGA § 5-6-38 (a). The notice of appeal filed in the trial court on July 12, 2011, was not filed by the defendant or by his attorney of record, but appears to have been filed by the defendant's mother. A notice of appearance was filed by appellate counsel in February 2012, and a motion for new trial was filed on October 9, 2014. The trial court denied appellate counsel's motion to substitute the motion for new trial for the notice of appeal, holding that it had no jurisdiction to consider the motion.

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address." OCGA § 9-11-11 (a). Further, "a criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented *parJackson v.* Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979)ties are therefore unauthorized and without effect." (Citations and punctuation omitted.) *Tolbert v. Toole*, ___ Ga. ___ (Case No. S14A1158, decided Dec. 11, 2014).

Thus, even if we consider that the notice of appeal in this case was actually filed by Ross rather than his mother, the record indicates that he was represented by trial counsel when the notice was filed. Therefore, the notice of appeal had no legal

effect, did not divest the trial court of jurisdiction, and does not confer jurisdiction on this court to consider Ross's appeal.

We note that "[a]n out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal," *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003) (citation and punctuation omitted), and "is granted where the deficiency involves not the trial but the denial of the right of appeal." *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995) (citations and punctuation omitted). Thus, in response to a motion filed in the trial court, "an out-of-time appeal may be granted where a defendant in a criminal case is not advised of his right of appeal or his counsel fails to appeal as directed." *Kilgore v. State*, 325 Ga. App. 874, 875 (1) (756 SE2d 9) (2014). Further, the grant of an out-of-time appeal by the trial court "should be seen as permission to pursue the post-conviction remedies which would be available at the same time as a direct appeal." *Ponder v. State*, 260 Ga. 840, 841 (1) (400 SE2d 922) (1991).

Because the proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court, and because the notice filed in this case was filed neither by the appellant pro se nor by his attorney of record, we must DISMISS this appeal.

The appellant's motion to remand this action to the trial court without prejudice to develop evidence regarding an ineffective assistance claim is MOOT.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,_____01/14/2015_____
*I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
*Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ , *Clerk.*