# Court of Appeals
# of the State of Georgia

ATLANTA,  December 20, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0643.  JAMES RUSSELL SIMMONS v. THE STATE.**

In 2001, James Russell Simmons was convicted of armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon.  We affirmed his convictions in an unpublished opinion.  See *Simmons v. State*, No. A02A1210 (decided May 24, 2002).  In 2017, Simmons filed a motion seeking an out-of-time appeal and argued that his judgment was void.  The trial court denied his motion on November 6, 2017, and Simmons filed a notice of appeal on December 8, 2017.  We, however, lack jurisdiction.

First, Simmons's appeal is untimely.  A notice of appeal must be filed within 30 days after entry of an appealable order.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Here, Simmons filed his notice of appeal 32 days after the entry the trial court's order.

Second, Simmons has already had a direct appeal.  "An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal." *Kilgore v. State*, 325 Ga. App. 874, 875 (1) (756 SE2d 9) (2014) (punctuation omitted).  Because Simmons already has had a direct appeal, he is not entitled to an out-of-time appeal.  See *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002) ("[T]here is no right to directly appeal the denial of a motion for out-of-time appeal filed by a criminal defendant whose conviction has been affirmed on direct appeal.").

Finally, to the extent Simmons challenges his convictions, the Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the

validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Thus, Simmons is not authorized to collaterally attack his conviction in this manner. See id.; *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); *Matherlee v. State*, 303 Ga. App. 765, 766 (694 SE2d 665) (2010).

Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, __12/20/2018_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*