# Court of Appeals
# of the State of Georgia

ATLANTA,  June 06, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2067.  MICHAEL BUCHANAN v. THE STATE.**

In 2003, Michael Buchanan entered *Alford*[1] pleas to rape, kidnapping, and several related offenses, and the trial court imposed a total sentence of life plus 20 years in prison.  The record contains no indication that Buchanan filed a direct appeal from his judgment of conviction.  In 2017, Buchanan filed motions to set aside his conviction and correct a void sentence, both of which the trial court denied in a single order in April 2018.  We dismissed Buchanan's ensuing direct appeal on grounds that: (i) the appeal was untimely; (ii) he had not raised a colorable claim that his sentence is void; and (iii) an appeal will not lie from the denial of a motion to set aside or vacate a judgment of conviction.  *Buchanan v. State*, No. A19A0144 (Sept. 20, 2018).

Back in the trial court, Buchanan filed a motion in which he raised several challenges to the trial court clerk's processing of his prior appeal.  The trial court construed Buchanan's motion as seeking an out-of-time appeal from the court's April 2018 order and denied the motion on the ground that this Court previously had determined that he was not entitled to an appeal from that order.  Buchanan then filed the instant direct appeal.  We lack jurisdiction.

"An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal." *Kilgore v. State*, 325 Ga. App. 874, 875 (1) (756 SE2d 9) (2014) (punctuation omitted).  Thus, "an out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel" – for an

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

out-of-time appeal to be available on this ground, the defendant necessarily must have had a right of direct appeal. *Grantham v. State*, 267 Ga. 635, 635 (481 SE2d 219) (1997). An out-of-time appeal therefore is not available to pursue a second appeal from a trial court judgment. See *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a defendant "is not entitled to another bite at the apple by way of a second appeal"); *Kilgore*, 325 Ga. App. at 875 (1) ("The out-of-time appeal is granted where the deficiency involves not the trial but the denial of the right of appeal.") (punctuation omitted); see also generally *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002) (an out-of-time appeal is not available to a criminal defendant who already has had a direct appeal).

Here, Buchanan previously filed a direct appeal from the same trial court order that is the subject of his request for an out-of-time appeal. Because Buchanan is not entitled to a second appeal (regardless of whether an out-of-time appeal otherwise may lie from a post-conviction proceeding), there is nothing for this Court to review in the instant appeal. See *Jackson*, 273 Ga. at 320; *Grantham*, 267 Ga. at 635; see also *Cook v. State*, 141 Ga. App. 241, 242 (233 SE2d 60) (1977) ("One cannot do indirectly what the law says may not be done directly."). Consequently, this appeal is hereby DISMISSED. See *Jackson*, 273 Ga. at 320 (successive appeals from the same trial court judgment should be dismissed); accord *Richards*, 275 Ga. at 191 (dismissing appeal from denial of motion for out-of-time appeal filed by defendant seeking a second appeal from his conviction).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/06/2019
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*