**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 15, 2021**

# In the Court of Appeals of Georgia

A21A0383. WEAVER v. THE STATE.

PHIPPS, Senior Appellate Judge.

In 2017, a jury found Jacob Weaver guilty of aggravated assault with a deadly weapon and possession of a firearm during the commission of a felony, and we affirmed his convictions in an unpublished opinion. See *Weaver v. State*, 344 Ga. App. XXX (Case No. A17A2103, Feb. 23, 2018). Weaver subsequently filed an extraordinary motion for new trial, which the trial court dismissed. Weaver appeals this ruling. For reasons that follow, we affirm.

1. As an initial matter, we must consider whether we have jurisdiction to address Weaver's appeal. See *Nelson v. State*, 356 Ga. App. 449, 450 (1) (847 SE2d 632) (2020) (appellate court has a duty to inquire into its jurisdiction). Under OCGA § 5-6-35 (a) (7), a litigant must comply with the discretionary appeal statute for

"[a]ppeals, when separate from an original appeal, from the denial of an extraordinary motion for new trial[.]" Here, the trial court dismissed rather than denied Weaver's extraordinary motion for new trial. Accordingly, this appeal does not come within the ambit of the discretionary application statute. See OCGA § 5-6-30 (the Appellate Practice Act must be construed liberally).

Our inquiry, however, does not end here. In *Harper v. State*, 286 Ga. 216 (686 SE2d 786) (2009), the Supreme Court held that "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." Id. at 218 (1). Because the remedy sought was improper, the Supreme Court concluded that the appeal itself was subject to dismissal. Id. at 218 (2). Here, Weaver filed an extraordinary motion for new trial rather than a petition to vacate his conviction, but the Supreme Court recently addressed the circumstances under which an extraordinary motion for new trial is an appropriate remedy.

In *Mitchum v. State*, 306 Ga. 878 (834 SE2d 65) (2019), the Supreme Court determined that an extraordinary motion for new trial is not an appropriate vehicle in which to raise constitutional claims that are cognizable in a habeas corpus proceeding. Id. at 885 (1) (c). Because Mitchum raised constitutional claims that should have been brought as a habeas corpus action, the Supreme Court ruled that his

2

extraordinary motion for new trial should have been dismissed by the trial court. Id. at 886-887 (2). The Supreme Court did not, however, address whether such cases also should be dismissed at the appellate level. Id.

We believe dismissal is proper. The Supreme Court's conclusion in *Harper* – that a motion to vacate an allegedly void conviction is an improper mechanism in which to collaterally attack a conviction – is echoed in *Mitchum*. See *Harper*, 286 Ga. at 218 (1); *Mitchum*, 306 Ga. at 885 (1) (c). In *Harper*, the dismissal – either at the trial or appellate level – essentially recognized the motion to vacate as a nullity. The Supreme Court thus concluded that the appeal itself was subject to dismissal. See *Harper*, 286 Ga. 218 (2) (because Harper was not entitled to file a motion to vacate his criminal conviction, the appeal is subject to dismissal). We see no reason why this principle should not also apply in the context of an improper extraordinary motion for new trial since both involve a defendant attempting to utilize an improper mechanism to challenge a conviction.

Accordingly, appeals from orders properly dismissing an extraordinary motion for new trial on the ground that the claims should have been raised through habeas corpus proceedings are subject to dismissal. To the extent that a trial court denies an extraordinary motion for new trial on grounds other than constitutional grounds, an

3

appeal of such an order requires compliance with the discretionary application statute. See OCGA § 5-6-35 (a) (7).

Because we have not previously applied the reasoning from *Harper* in the context of an order dismissing an extraordinary motion for new trial, we will exercise our discretion and address Weaver's appeal on the merits.

2. Under OCGA § 5-5-40 (a), "[a]ll motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict or entry of the judgment where the case was tried without a jury." Extraordinary motions for new trial are not favored because such motions undermine the finality of judgments. See *Stinchcomb v. State*, 308 Ga. 870, 873-874 (2) (843 SE2d 847) (2020). Thus, when a motion for new trial is filed beyond 30 days, some good reason must be shown for the late filing. See OCGA § 5-5-41 (a). "Good reason exists only where the moving party exercised due diligence but, due to circumstances beyond [his] control, was unable previously to discover the basis for the claim [he] now asserts." *Davis v. State*, 353 Ga. App. 896, 897 (840 SE2d 128) (2020) (citation and punctuation omitted).

As the Supreme Court recognized in *Mitchum*, an extraordinary motion for new trial has, historically, been used to present newly discovered evidence that affects the

4

question of a defendant's guilt or innocence. *Mitchum*, 306 Ga. at 880 (1) (a); see also *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980) (setting forth conditions that must be satisfied to warrant granting an extraordinary motion for new trial based on newly discovered evidence). But courts also have considered bases other than newly discovered evidence. See, e. g., *Crawley v. State*, 151 Ga. 818 (108 SE 238) (1921) (unqualified juror); *Harris v. State*, 150 Ga. 680 (104 SE 902) (1920) (improper communication with jurors during deliberations); *Womack v. State*, 353 Ga. App. 801 (840 SE2d 41) (2020) (improper admissions of co-conspirator hearsay).

In *Mitchum*, the Supreme Court limited the types of claims that can be raised in an extraordinary motion for new trial. It recognized that an extraordinary motion for new trial is, as its name implies, an extraordinary remedy. *Mitchum*, 306 Ga. at 880-885 (1) (a), (c). Thus, an extraordinary motion for new trial is unavailable to litigants who have a legal remedy through habeas corpus proceedings. Id. at 884-885 (1) (c). Because the litigant in *Mitchum* could have raised his constitutional claims through a habeas corpus proceeding, the Supreme Court determined that an extraordinary motion for new trial was not a proper vehicle for bringing such claims and, thus, the motion was subject to dismissal. Id. at 885-888 (2).

5

The trial court in this case relied on *Mitchum* in dismissing Weaver's extraordinary motion for new trial. We find no error. In his motion, Weaver argued that: (1) substantive defects in the indictment created a fatal variance; (2) the trial court erred in instructing the jury; (3) the verdict form was improper; and (4) he received ineffective assistance of trial counsel. The trial court found that these "enumerations of error speak to the alleged deprivation of [Weaver's] constitutional rights including due process, effective assistance of counsel, and a fair and impartial jury." Because such arguments could be raised through habeas corpus, the trial court correctly concluded that Weaver is precluded from raising these arguments in an extraordinary motion for new trial. See *Mitchum*, 306 Ga. at 885-888 (2); *Milliken v. Stewart*, 276 Ga. 712, 713 (583 SE2d 30) (2003) ("[T]he habeas corpus court is the appropriate judicial entity to consider both the ineffective assistance of counsel claim and the underlying and connected trial error[.]").

To avoid dismissal, Weaver argues that his claims of error stem from statutory rather than constitutional violations. Regardless of how Weaver's arguments are characterized, he is not entitled to raise them through an extraordinary motion for new trial. "The law is clear that any errors which could have been discovered through the exercise of proper diligence cannot form the basis for an extraordinary motion for

6

new trial." *Goodwin v. State*, 240 Ga. 605, 606 (242 SE2d 119) (1978). Thus, issues with the indictment, jury instructions, and verdict form – issues which should have been apparent at the time of Weaver's first appeal – cannot serve as the basis for an extraordinary motion for new trial. See id.

Finally, Weaver suggests that the trial court erred in dismissing his extraordinary motion for new trial because he may challenge a void conviction at any time. Weaver is mistaken. The Supreme Court has made clear that a motion to vacate or modify an allegedly void conviction is *not* an appropriate remedy in a criminal case. *Harper*, 286 Ga. at 218 (1). Weaver cannot avoid the application of this principle by filing an extraordinary motion for new trial rather than a motion to vacate a void conviction. See *Kilgore v. State*, 325 Ga. App. 874, 874 (1) (756 SE2d 9) (2014) (in construing pleadings, we look to the substance of the pleading rather than its nomenclature).

For these reasons, an extraordinary motion for new trial was not a proper vehicle for Weaver to pursue his claims. Accordingly, the trial court properly dismissed the motion. See *Mitchum*, 305 Ga. at 885-888 (2); *Davis*, 353 Ga. App. at 898.

*Judgment affirmed. McFadden, C. J., and Rickman, P. J., concur.*